**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000389**
**20-JUN-2025**
**07:58 AM**
**Dkt. 63 SO**

NO. CAAP-22-0000389


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MERVINA KAUKINI MAMO CASH-KAEO, Plaintiff-Appellee,
v.
GUY K. BARRETT; RONETTE BARRETT, Defendants-Appellants,
DUSTIN K. BARRETT; SHEENA ANN BARRETT; RICHARD BARRETT;
LEZLEY K. BARRETT aka LEZLEY BRADBURY, Defendants-Appellees,
and JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; and DOE ENTITIES 1-10, Defendants


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIʻANAE DIVISION
(CASE NO. 1DRC-21-0005397)

### SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

Defendants-Appellants Guy K. Barrett and Ronette

Barrett (collectively, the **Barretts**) appeal from the District

Court of the First Circuit's (**district court**)[1] May 17, 2022

Judgment for Possession.  They raise three points of error,

contending that the district court abused its discretion when:

---

[1]      The Honorable Darolyn H. Lendio entered the Judgment for
Possession.  The Honorable Michelle N. Comeau presided over the April 26,
2022 hearing on Plaintiff-Appellee Mervina Kaukini Mamo Cash-Kaeo's (**Cash-Kaeo**) motion for summary judgment (**MSJ**).

(1) "it defaulted [the Barretts] for [their] non[-]appearance [at the MSJ hearing] where the facts show [the Barretts had] defended themselves in this action by retaining counsel" who "made eight court appearances at hearings in defense of [the Barretts]"; (2) "it applied the extreme sanctions methodology" by entering default judgment against the Barretts "for the failure of their counsel to appear at the hearing on [Cash-Kaeo's] [MSJ]"; and (3) "it allowed the hearing on [Cash-Kaeo's] [MSJ] to proceed without first addressing [counsel's] non[-]appearance at this hearing."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Barretts' appeal as follows.

The Barretts contend that the district court entered default judgment against them pursuant to District Court Rules of Civil Procedure (**DCRCP**) Rule 55. The record reflects, however, that the district court entered the May 17, 2022 Judgment for Possession against the Barretts because Cash-Kaeo demonstrated she was entitled to summary judgment as a matter of law under *DCRCP Rule 56*. Pursuant to DCRCP Rule 56(c), a motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  We review the grant or denial of summary judgment de novo.  Kanahele v. State, 154 Hawaiʻi 190, 201, 549 P.3d 275, 286 (2024).

The Barretts point to no evidence in the record indicating a genuine issue of material fact disputing that Cash-Kaeo is the sole surviving lessee of the subject property, and that Cash-Kaeo is therefore entitled to judgment of possession against the Barretts as a matter of law.  The Barretts also cite no authority indicating the district court was required to address their counsel's non-appearance at the MSJ hearing before it could grant the MSJ.  Even if the district court was required to do so, the Barretts fail to identify any legal theory or issue of fact that could have or would have been presented in opposition to the MSJ to defeat the motion.

We therefore conclude the district court did not err in granting the MSJ, and affirm the May 17, 2022 Judgment for Possession.

DATED: Honolulu, Hawaiʻi, June 20, 2025.

On the briefs:                        /s/ Keith K. Hiraoka
                                      Presiding Judge
Barry L. Sooalo,
for Defendants-Appellants.            /s/ Karen T. Nakasone
                                      Associate Judge
Jay T. Suemori,
for Plaintiff-Appellee.               /s/ Kimberly T. Guidry
                                      Associate Judge